# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. 2:02-CR-9-2** |
| | § | |
| **DEWAYNE ROBERSON** | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On January 7, 2009, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Dewayne Roberson. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Brent Gimble.

Defendant originally pleaded guilty to the offense Possession with Intent to Deliver Cocaine Base, a Class C felony. The offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 29 and a criminal history category of VI, was 151 to 188 months. On February 24, 2003, as a result of a downward departure for providing substantial assistance, U.S. District Judge T. John Ward sentenced Defendant to 60 months imprisonment and three years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug aftercare. On March 26, 2008, Defendant completed the term of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from: committing another federal, state or local crime, and purchasing, possessing or using any controlled substance, except as prescribed by a physician. In addition, Defendant was required to participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S.

Probation Office, until released from the program by the probation officer. In its petition, the government alleges that Defendant violated his conditions of supervised release by submitting urine samples which tested positive for cocaine on April 3, 2008, August 19, 2008, and December 11, 2008, and by failing to submit a urine specimen for testing as instructed on October 22, 2008 and December 3, 2008, and by possessing cocaine.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than two years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by submitting urine specimens which test positive for cocaine and for failing to submit urine samples as instructed on or about April 2008 through December 2008 would constitute a Grade C violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment, or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B3.1(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

Alternatively, the Court can find that illicit drug use constitutes possession. If the Court finds by a preponderance of the evidence that Defendant violated a condition of supervision by possessing cocaine in violation of Texas Health and Safety Code § 481.115, this violation would constitute a Grade B violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months. U.S.S.G. § 7B1.4(a). However, since the statutory maximum is two years, the actual revocation

imprisonment range is 21 to 24 months.

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating conditions of supervision by submitting urine samples which tested positive for cocaine on April 3, 2008, August 19, 2008, and December 11, 2008, and by failing to submit a urine specimen for testing as instructed on October 22, 2008 and December 3, 2008, and by possessing cocaine. In exchange, the government agreed to recommend that Defendant serve 21 months with supervised no release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Defendant, Dewayne Roberson, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 21 months with no supervised release to follow. The place of confinement is recommended to be Texarkana.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge T. John Ward for adoption immediately upon issuance.

**So ORDERED and SIGNED this 8th day of January, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE